Mr. Wong, you're up first again. This is the case of Commonwealth v. Jen, and Ms. Jen comes before this court seeking a jury trial. Now, this court has previously recognized a restricted jury trial right in the Commonwealth courts. Pursuant to this restricted right, a person charged with a crime in the local courts is not entitled to a jury trial unless there's a possibility of going to five years imprisonment or a fine exceeding $2,000. On the other hand, any person living or residing in the Commonwealth who is charged with a crime in the Commonwealth, they're charged in the federal court, then that person is entitled to the full Sixth Amendment jury trial right. And it's in this appeal that Jen contends that she is entitled to a jury trial under both the Sixth Amendment as well as the C&MI jury trial right. The entitlement to a jury trial under the C&MI law determines on whether Ms. Jen was confronted with a fine greater than $2,000. The facts are disputed on this. In that one, she had a maximum fine of $1,000 and there was a $2,000 assessment. Now, the whole issue is whether this $2,000 assessment constitutes a fine. It was argued in the trial court that it was a fine even though the statute labeled it as a fee. In previous trial court decisions, it was not argued in the trial court about the fine versus fee issue. In other cases, the trial court and the superior court had focused on the fine versus the fee issue. And in this case, on appeal, the Supreme Court, all of the parties that addressed the issue in terms of fine and fee, the Supreme Court determined, well, that's not the right way to view this issue. It construed this $2,000 assessment as being a penalty. And VA has stated that, well, whether it's a jury trial right attaches depends upon whether it's a civil penalty or a criminal penalty. Now, we believe that that was improper in as much as the statute gives the jury trial right based on the distinction as to whether the fine is either civil or criminal. Going back to what we can review, however, is that the question for us? Does it matter whether or not that rationale is proper or the best rationale, or is our question limited to whether it was a subterfuge or untenable? Yes. Judge, you are correct that your review is limited to whether it is subterfuge or untenable with respect to the construction of this statute. And given that there is no legislative history on this statute, there was no basis for the court to rely on any legislative intent as to what it meant about the $2,000 fine. This was purely a judicial, essentially the judiciary construing a statute, from our perspective, construing a statute in the manner to uphold the denial of a jury trial. Or to deny the right to a jury trial. In fact, one, the statute makes no distinction between if it's a civil or criminal fine or penalty. But the judiciary did. It's a civil fine. But to that extent, under common law, if a person is subject to a civil fine of more than $1,000, they're still entitled to a jury trial. So we take a position that regardless if it was construed in the jury as a civil fine, she should have been entitled to a jury trial on that basis, since that triggered a jury trial right for a civil fine. And in any event, we contended the fine was criminal. In fact, when added with the $1,000 fine, greatly exceeded. So we think the construction of the law in this particular instance is untenable and subterfuge. But in any event, Your Honor, we think that the Sixth Amendment should be extended in full. The Sixth Amendment jury trial right should be extended in full to put an all criminal defendant in the promulgation of the civil fine. Well, we've already held otherwise, so that's not up to us, is it? Yes. Yes, Your Honor, I believe it is up to this Court. Because Adam A. basically said that there are three ways it could be approached. We could say that the Sixth Amendment right does not apply at all. Or we could say the Sixth Amendment right naturally does apply. But in fact, neither of those two are just extremes. So we are going to take an effective, and I think the Court took an intermediate approach, which it referred to as a cautious approach with respect to the jury trial right. So basically what that means is that it doesn't say that Adam A. didn't say that the Sixth Amendment right never applies in the Commonwealth. It just says that we are not prepared to extend it at this time because of this cautious approach. And, in other words, this should be a transitional period for the jury trial right before they condemn it to anybody. And it is our contention that Adam A. is more than 20 years old now, and there's been limited jury trial rights for more than 35 years within North America Island, and that an individual has the full Sixth Amendment right to a jury trial at the federal court, and that you remember him for the same pool of jury voters as the Commonwealth trial. But wasn't that also true 20 years ago when Adam A. was decided? Yes, that was also true 20 years ago when Adam A. was decided. So nothing has changed on that score in that 20 years, isn't that correct? Excuse me? Nothing has changed in the intervening 20 years since Adam A. on the fact that you get a jury trial in federal court and not in state court. That's still the same, isn't it? The only thing that's changed, the only thing that's changed has been the familiarity with a jury trial right here. Because now that we have this period of time where the jury trial has existed, we think that the underlying basis for Adam A. is that, one, it was an anomaly. That is no longer, that fact of jury is no longer present. Isn't that a very good argument to make to the legislature, though, to amend the statute to provide for a jury trial? Well, that is one alternative, but it's also an argument that can be presented to this court. Because I think you have my own doubts and questions, but we need to establish that the federal court has the power to declare a Sixth Amendment right, irrespective of the state constitution or any state statute. So this is an appropriate argument that can also be directed towards the court, because the court has the power to make this particular ruling. And there's additional changes that's occurred since the fight. The retention vote has been enacted with respect to judges. So voters now pass on the aspect of judges. And that within a little less than a year from now, next May, early next May, the Commonwealth Supreme Court will be treated on an equal basis as the highest courts from other states, and that appeals to the Commonwealth will all go directly to the Supreme Court of the United States, as opposed to the Ninth Circuit, such as this case here. And to that extent, that shows the maturity of the judiciary within the Commonwealth. And given this maturity of the judiciary, we feel that that is also another reason of change that has occurred for the extension of the full Sixth Amendment right to all criminal defendants in the Commonwealth. Because we do not see any logical reason why, now, after being a part of the American family for this period of time, and members of the community having experience of serving as jurors in a limited fashion in Commonwealth court, and in any case involving punishment of at least six months or more in federal court, that the people of the Commonwealth are familiar with the jury trial right. And that now there is no further impediment for the use of this cautious approach that existed in Adelaide. Furthermore, we think that Adelaide, since it's premised on the insert of cases, that the rationale for the insert of cases no longer exists in this day and age. And since the underpinning of the rationale for the insert of cases, in our opinion, should be moved away from that also serves as a basis for moving away from this restricted jury trial right in the Commonwealth. Are you suggesting that we ignore Adelaide or overrule it? Neither. Neither. I'm not suggesting that ignore or overrule. Because what Adelaide said is that we are taking the cautious approach. And what we're asking this court to do is say that the cautious approach has served its purpose, and it has served for the transition for the Commonwealth from a restricted jury trial right to a full jury trial right. That is not overruling Adelaide, and we think that is a great consistent with Adelaide. And now we're reading in Adelaide that the door was left open for a subsequent court to rule that the transition hasn't occurred, such that the full six-amendment right can't be extended. What language in Adelaide do you read as leaving it open to a subsequent panel of this court to arrive at a different result? Basically, what I believe is that with respect to the Adelaide case where Adelaide says on page 688, first, we couldn't maintain that the entire Constitution applies by its own force in any place where the United States functioned as a sovereign. Second, we could maintain that the Constitution applies in NMI only to the extent provided for and agreed to in the Commonwealth. Excuse me, in the Covenant. Covenant section 501 would therefore bar any challenge to the NMI's procedure based on the six-amendment right to trial by jury. We believe that the line of decisions known as the Ensler case suggests that neither of these approaches is appropriate. In other words, they're saying we're not ruling that the jury trial line applies automatically by force, and we're not ruling that it doesn't apply because of the Commonwealth. It says the first is too broad while the second is too narrow. That's why, again, they took the cautious approach and just stated we are not prepared at this time. Now, the two languages. The two languages, of course, were at this time. So that shows that it's a dual factor that there is a play in Adelaide. Because if they didn't need to say to leave the door open, why else would they restrict it to at this time? So to say at this time only seems to convey that this is for a transitional purpose. There is no argument that this has served the transitional purpose, has been served. And then given the temporal time between when Adelaide was decided and now, which is over 20 years, and the experience of the Commonwealth, the growth and maturity of the Commonwealth society, and the Commonwealth judiciary, we believe the time is now appropriate to extend the full six-month jury trial line. And if the Court has no questions for me, I will reserve the balance of my time for the trial. Okay. Mr. Lynch? Yes. A very interesting question, but I think the defense is really asking for far too much concerning this issue. First, the question is to what extent or what is the standard of review of the Commonwealth Supreme Court's determination of the fine issue? And the Court, I believe, in its opinion, and it doesn't say this explicitly, but I think it's quite implicit in their analysis, is they're saying that the right to jury trial attaches under circumstances where there is a criminal fine, which is over $2,000, and that they go through their analysis and they distinguish the $2,000 assessment. And they don't use the word civil fine, as Mr. Long has. They speak in terms of criminal penalty and civil penalty. And the, I believe, assumption that the Court made in the interpretation they put on this is that if there is some kind of a civil penalty, even though that would cause the total amount to go over the statutory limit and require a jury trial, if it's a civil penalty, then that does not count as a fine under 7 C.M.C. 3101, and therefore the jury trial right is not available. I think there are a number of ways that this analysis can be performed, and I think in our brief on appeal we deal with that also. But I think ultimately this Court does have the standard of review of whether the decision is untenable or allows the subterfuge to avoid federal review of a constitutional violation. And I believe that under the analysis, the result is not untenable. It's an interpretation of Commonwealth law. And I believe when you look, even though there is explicit statutory history, legislative history, indicating that what the legislature says we intended to do away with the right to jury trial under the statute, if you look at the fact that the statute was amended to reduce the fine from $10,000 down to $1,000, and if you look at some of the other acts of the legislature, such as in the area of child sexual abuse cases, where they reduced the penalty of one's child sexual abuse crime to be a maximum of $2,000 to avoid having children appear in court and testify in front of a jury, then I think it becomes very clear that the legislature understands what the statutory limit is and that they understand also that it is their prerogative to have offenses tried to juries or not tried to juries and that they are utilizing the statutory framework in order to accomplish their objectives. The bigger question, I guess, is whether this Court should go forward and apply fully the Sixth Amendment jury trial right to the Commonwealth of the North Mariana Islands. I don't believe, well, I guess one observation I have is when the Adelaide court speaks of the, quote, cautious approach, close quote, I believe what they're referring to is the fact that the Bill of Rights has been extended to the states, not in a blanket fashion where the Supreme Court has said, okay, all these rights all at once are going to be imposed on the states. They're proceeding cautiously, in other words, one by one. So, I think that's a little bit of a different flavor on the question of what Adelaide means by the cautious approach. The, really the question is a, it's a very large question. And I think it's, you have to read Adelaide and you have to read the MacGuffin case in tandem. And the MacGuffin case indicates that it's the, actually the Commonwealth Legislature in 1976 that considered adopting a constitutional amendment during the right to jury trial in the Commonwealth. And the committee did not want to guarantee that right to all cases because of the expenses, difficulty in finding juries, unacquainted with the facts of the case, and fear that a small and closely knit population in the Northern Mariana is likely to acquittal the guilty persons in criminal cases. So, this is, the legislature has considered this question specifically and they have rejected it. And it's not just the position of the prosecution of the Attorney General's Office, but this is the voice of the legislature speaking, saying, we do not believe that we're ready for this. And I believe that the legislature and the United States Congress are the ones that should make this determination. It's really a question. I think it gets involved in Article 4, Section 3, the territories clause, and what that means as far as the CNMI goes and the relationship between the federal government and the Commonwealth of Northern Mariana. They're asking for full extension of the Sixth Amendment where there's no record that has been built or created in the lower courts showing the change of circumstances, showing what differences exist now that did not exist 25 years ago. So, you can argue, well, the federal district court has had jury trials for the last 25 years, but I don't think that means that it has become a way of life or part of the daily diet of people in the Commonwealth. And I don't know that that in itself or the fact that the nature of the judiciary in reference to the federal judicial system is changing in a year. I don't believe that that's a compelling factor to cause this court to revisit the right to jury trial in the Northern Marianas. It certainly gets to a very large question, and I believe that it's not a question that is proper for this court to answer, but I believe that it's one that really needs the detailed analysis of at least the legislature of the Northern Mariana Islands to determine if they believe that it is appropriate at this time to increase the jury trial right. And certainly they could do that. They could enact a statute saying that there is a right to jury trial in all criminal cases, but they have not seemed fit to do that. And they, I believe, are the ones who are best in tune with the needs of the Commonwealth and the concerns that were expressed in Magathnia relative to whether the full jury trial right should be extended here in the Commonwealth. There are other issues raised in the brief. I'd be happy to address any of those. But I'm trying to tailor my responses to the issues that are being dealt with by both counsel and raised by both counsel. Yes, I don't think that the panel has any further questions. So unless you have anything else to add, then we'll return to Mr. Wong for rebuttal. Thank you, Judge. I'd just like to make one correction in response to a question. I say that the appellate court has said that they were not prepared at this time. A quick review, I was afraid, at this time. It's not within the opinion. It's just that we are not prepared to do so. And on the point that they said we are not prepared to do so, but then maybe at a later time the court can be prepared. And so at this point, that's why we argue that now this court has, since the temporal connection has been in existence, the transition for the jury trial right has been undergone in the Commonwealth before that Sixth Amendment right should be extended. And we see no good reason why it should not. A person charged with the same crime in the district court would get a jury trial, but if they were charged with the same crime in the local court, there is no jury trial right. So on that basis, we don't think there's any logical justification or distinction for our saying that the jury trial right is an anomaly that we can now put in the Commonwealth. And also, in reference to a question I believe that Judge Ryman previously asked about the interpretation of the statute, and was the court left to just the subterfuge or the terminal, I also would like to say that also I think it goes beyond that, and that is also a federal issue in that the Supreme Court is not on an argument that this applies to federal law. It used the Supreme Court, the United States Supreme Court's analysis in the Ward case to determine whether or not the $2,000 assessment was civil or criminal. And in doing so, it failed to address the seven guideposts that were necessary for the second stage of the Ward analysis. So to the extent that the Supreme Court didn't properly analyze the $2,000 assessment under the controlling federal statute, we believe that that there is a federal issue that is subject to a de novo review to the extent as to whether the application of the seven guideposts to the $2,000 assessment transforms that assessment to a criminal, I mean, excuse me, to a, yes, transferred to a criminal bond. So to that extent, we think that there is de novo review only analysis of the Supreme Court that is a model of the jury trial like under local law. And unless the court has any further questions from me, I think we're good. All right, I think not. We appreciate the helpful arguments in both cases from both counsel. And that will conclude the hearing in both cases, and the court will stand in recess for the day. Thank you very much. Thank you very much. Thank you. All rise. This session stands adjourned. This session stands adjourned. This session stands adjourned. This session stands adjourned. This session stands adjourned. This session stands adjourned. This session stands adjourned. This session stands adjourned.
judges: Leavy, Rymer, Tg Nelson